IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA A. SCOTT, | ) |
| Plaintiff, | ) |
| | ) 2:22-cv-1303 |
| v. | ) |
| | ) Chief Judge Mark R. Hornak |
| ST. MORITZ SECURITY SERVICES, INC., | ) |
| Defendant. | ) |

**OPINION**

The Plaintiff Patricia A. Scott is proceeding *in forma pauperis* ("IFP"). (*See* ECF No. 2.) She asserts that in 2014,[1] she endeavored to enter the City-County Building ("CCB"), a public building in Pittsburgh, Pennsylvania. (ECF No. 1-1, at 2.) Ms. Scott is proceeding pro se, so her Complaint is entitled to liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Ms. Scott, who is confined to a wheelchair, alleges that when she came to the security checkpoint at the CCB, she could not easily proceed through screening in that she could not reach the containers into which the public is required to place personal items for screening because they were too high for her to reach from her wheelchair. (ECF No. 1-1, at 2–3.) Furthermore, Ms. Scott alleges that she was not offered any assistance by the security guards, whom she asserts were employed Defendant, and that they "became extremely hostile toward her and her wheelchair." (*Id.* at 3.) Ms. Scott asserts that these events amounted to a denial of access to the CCB in violation

---

[1] The year in Plaintiff's handwritten Complaint is not entirely clear; the final digit could be read as either a four (4) or a nine (9), meaning that the alleged events either took place in 2014 or 2019. (*See* ECF No. 1-1, at 2.) Because the final digit does not have the "rounded" bottoms evident on the "nines" in the balance of Plaintiff's filing, they seem to less resemble the clearly written "nines" in the Complaint, although the "fours" in the Complaint have "open" tops on the digit. The Court reads the alleged events as occurring in 2014. However, the Court notes that the statute of limitations analysis below applies with equal force regardless of whether the events occurred in 2014 or 2019.

of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, which prohibits disability-based discrimination in places of public accommodation. (*See* ECF No. 1-1.) The Court treats the CCB as a public accommodation under the ADA.

Because Ms. Scott is proceeding under IFP status, the Court is obligated to consider or "screen" her Complaint pursuant to 28 U.S.C. § 1915. Though the statute refers only to suits brought by prisoners, courts are required to apply § 1915(e)'s screening procedures to non-prisoner IFP applications as well. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)").

Under § 1915(e)(2)(B)(ii), the Court must dismiss the case if it determines that the action fails to state a claim on which relief can be granted. In this Circuit, a complaint fails to state a claim when relief is barred on the face of the Complaint by the applicable statute of limitations. *Simms v. Freeman*, 428 F. App'x 119, 120 (3d Cir. 2011) (affirming the district court's dismissal of a claim pursuant to 42 U.S.C. § 1915(e)(2)(B)(ii) because it was time-barred). The ADA does not have its own statute of limitations, so courts must apply the statute of limitations for "the most analogous state law cause of action." *Disabled in Action of Pennsylvania v. Se. Pennsylvania Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008) (citing *North Star Steel Co. v. Thomas*, 515 U.S. 29, 33–34 (1995)). The Third Circuit has held that courts considering ADA claims should apply the state statute of limitations for personal injury actions, which in Pennsylvania is two years. *See id*. According to the Complaint, the events here occurred in either 2014 or 2019, so Ms. Scott's Complaint was filed well after the statute of limitations expired. (*See* ECF No. 1-1.)

There is also no basis revealed that would equitably toll that period. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v.*

*DiGuglielmo*, 544 U.S. 408, 418 (2005). Even construed liberally, Ms. Scott's Complaint does not contain allegations that would tend to support either element. All of the alleged events occurred right in front of Ms. Scott, so there was no concealment of relevant facts, nor is there any suggestion of material facts yet to be discovered. *See Credit Suisse Secs. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) ("[W]hen a limitations period is tolled because of fraudulent concealment of facts, the tolling ceases when those facts are, or should have been, discovered by the plaintiff.")

Thus, the face of the Complaint demonstrates that the claim it seeks to assert is time-barred, and given the facts alleged, there is no basis to conclude that the limitations period would be tolled here. Consequently, the Complaint, and this action, will be DISMISSED with prejudice as time-barred.

s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated: September 15, 2022
cc:     Patricia A. Scott (via U.S. Mail)